UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID BRIGHAM YOUNG, by and through is Guardian Ad Litem Mercedes Broughton,

Plaintiff,

v.

MERCURY CASUALTY CO, et al.,

Defendants.

2:09-CV-2399 JCM (LRL)

**ORDER**

Presently before the court is defendant's motion to dismiss or in the alternative, to sever claims for bad faith, or in the alternative to bifurcate and stay claims for bad faith (Doc. #39). Plaintiff filed an opposition (Doc. #40) and defendant filed a reply (Doc. #41). Additionally, the parties submitted a joint stipulation and order to bifurcate (Doc. #45).

Federal courts apply federal procedure in diversity cases. *Erie Railroad v. Tomkins,* 304 U.S.64, 78-79 (1938). Bifurcation is procedural, and this court relies on Federal Rule of Civil Procedure 42(b) to determine whether bifurcation is appropriate. Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The court has broad discretion in determining whether to bifurcate claims. *Hirst v. Gertzen,* 676 F.2d 1252, 1261 (9th Cir. 1982).

This case arises out of an automobile accident that occurred on April 13, 2006. On January

**James C. Mahan**
**U.S. District Judge**

1  13, 2010 plaintiff, David Brigham Young, filed a first amended complaint against his uninsured motorist ("UIM") carrier, defendant Mercury Casualty Company alleging: 1) breach of contract, 2) unfair claims practice, and 3) bad faith. Defendant now seeks to bifurcate and stay plaintiff's claims for bad faith.

Whether a plaintiff can bring a bad faith action independently of a breach of contract claim is a question of substantive law, and is governed by Nevada state law. *See Erie,* 304 U.S. at 78. The Nevada Supreme Court has held that even when a contract has not been breached, a plaintiff "may still be able to recover for breach of the implied covenant of good faith and fair dealing, [if] one party deliberately contravenes the intentions and spirit of the contract..." *Hilton Hotels v. Butch Lewish Products,* 107 Nev. 226, 232 (1991); *see also American Excess Ins. Co. v. MGM Grand Hotels, Inc.,* 102 Nev. 601, 504 (1986) (holding that failing on a contract claim precludes bad faith action only when interpretation of the contract was reasonable.) Whether or not a party breached the letter of a contract, "the implied covenant of good faith is an obligation independent of the consensual contractual covenants."*Morris v. Bank of America Nevada,* 110 Nev. 1274, 1278 (1994).

Here, this court finds bifurcation does not support judicial economy. Resolving plaintiff's breach of contract claim would not dispose of the entire case. Plaintiff's failure to prevail on his contract claim would not categorically preclude him from pursuing his bad faith action against defendant. A unified trial would better serve judicial economy because the evidence and witnesses necessary to prove the breach of contract and bad faith claims are identical. Furthermore, a unified trial would not prejudice the defendant.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss or in the alternative, to sever claims for bad faith, or in the alternative to bifurcate and stay claims for bad faith (Doc. #39) be, and the same hereby is DENIED.

DATED July 8, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -