# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DAVID BRIGHAM YOUNG, by and through his guardian ad litem MERCEDES BROUGHTON,

Plaintiff,

v.

MERCURY CASUALTY COMPANY,

Defendant.

2:09-cv-02399-JCM-LRL

**O R D E R**

Before the court is Plaintiff's Motion to Compel a Further Response to Document Category No. 29 of Plaintiff's First Inspection Demand (#43). The court has reviewed the motion (#43), plaintiff's Request for Judicial Notice in Support of the Motion (#44), defendant's Limited Opposition (#46), and plaintiff's Reply (#47).

Plaintiff in this underinsured motorist action seeks an order compelling defendant to respond to Category 29 of plaintiff's Inspection Demand. Category 29 requests, "All surveillance reports and other DOCUMENTS, photographs, films, videotapes, and/or DVDs depicting PLAINTIFF." Defendant objected to the category as follows: "Objection. This request calls for an expert opinion that this answering defendant is not qualified to render, seeks to invade the attorney client privilege, seeks to invade the attorney work product privilege, and is overbroad, vague, and ambiguous." Plaintiff represents that the parties conferred telephonically on the issue but defense counsel refused to provide a response as to whether or not defendant has such surveillance documents and items. Mot. (#43) at 3. Defendant represents that it will provide a supplemental response to Category 29 to indicate that it is not in possession of any responsive information at this time, but reserves the right to supplement its response and/or to object. Opp'n (#46) at 3, 4. Plaintiff replies that defendant should be ordered to

1  respond to the category without objection.  Reply (#47) at 3.

2        The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Rule 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action."  Rule 26(b)(1).  Pursuant to Rule 34, a responding party must either object or respond to a request for production of documents within 30 days, unless some other time frame has been ordered by the court or agreed to by the parties.  In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Rule 34(b)(2)(B).  An evasive or incomplete response must be treated as a failure to respond.  Rule 37(a)(4).  A "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also* Rule 34(b)(2).

      Defendant represents that it will supplement its response to indicate that it is not in possession of any responsive material, and will further supplement its response as appropriate in the future.  Defendant opposes only that portion of plaintiff's motion which asks that defendant be ordered to supplement Category No. 29 without objection.  Defendant had its chance to respond to the request, and did so by providing a boilerplate objection, bearing little relevance to the request.  Inasmuch as such an unsupported objection and naked assertion of privilege without proper privilege logs amounts to no objection at all, defendant has waived its right to object.

      Accordingly, and for good cause shown,

. . .

. . .

. . .

. . .

. . .

. . .

2

IT IS ORDERED that Plaintiff's Motion to Compel a Further Response to Document Category No. 29 of Plaintiff's First Inspection Demand (#43) is GRANTED. If it has not done so already, defendant shall fully respond without objection to Category 29 not later than September 24, 2010.

DATED this 16th day of September, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**